IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DORAN SKANES, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. MJM-24-570 |
| C. CARTER, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM

Doran Skanes, a federal prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking the ability to earn and apply Earned Time Credits ("ETCs") pursuant to the First Step Act of 2018 ("FSA"), P.L. 115-391, § 102(b)(1), 132 Stat 5194, 5210 (Dec. 21, 2018). ECF No. 1 at 7. Presently, Skanes is unable to earn ETCs due to a disqualifying prior conviction. *Id.* at 7–8; ECF No. 1-1. Skanes also seeks an order directing the Bureau of Prisons ("BOP") to provide him with the one-year release benefit under 18 U.S.C. § 3521(e) when he completes the Residential Drug Abuse Treatment Program ("RDAP"). ECF No. 1 at 7.

Pursuant to the Court's Order directing Respondent to file a response to the Petition (ECF No. 3), Respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 7). Respondent was directed to supplement their Motion (ECF No. 13), which they have done (ECF No. 14). Skanes was advised of his right to respond (ECF No. 9) and despite being granted an extension of time to do so (ECF Nos. 10 and 11), has failed to respond.

Having reviewed the papers, and finding no hearing necessary, *see* Md. Loc. R. 105.6 (D. Md. 2023), the Court grants Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgement, and denies the Petition for Writ of Habeas Corpus.

I.     Background

On August 2, 2018, Skanes was sentenced in the United States District Court for the Western District of Wisconsin in case number 3:18CR00020-003. ECF No. 7-2 at 6. He was sentenced to 108 months of imprisonment for conspiracy to commit armed robbery, in violation of 18 U.S.C. § 1915(a), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (the "§ 924(c) conviction"). ECF No. 7-2 at 1, ¶ 5; *id.* at 6–7. His federal term of imprisonment for that conviction began on February 12, 1998. Skanes' projected release date, with good conduct time, is September 12, 2025. *Id.* at 3, ¶ 6; *id.* at 5.

On November 30, 2019, and December 17, 2019, the BOP reviewed Skanes' records to determine his eligibility for ETCs under the FSA and determined that he was ineligible to receive the credits. *Id.* at 3, ¶ 7; *id.* at 10. On July 27, 2022, the BOP determined that Skanes was also ineligible to receive the RDAP benefit under 18 U.S.C. § 3621(e). *Id.* at 3, ¶ 8; *id.* at 10.

Based on the foregoing, Skanes asserts that the Supreme Court, in *United Sates v. Davis*, 588 U.S. 445 (2019), and *United States v. Tayler*, 596 U.S. 845 (2022), held that convictions for violating 18 U.S.C. § 924(c) are not violent and therefore the BOP errs in refusing to award ETCs to § 924(c) offenders and in refusing to allow § 924(c) offenders to qualify for RDAP. ECF No. 1 at 8.

Respondent counters that Skanes is not entitled to the credit he seeks because he is precluded from earning ETCs under the FSA based on his conviction under § 924. *See* ECF No. 7-1. Further, Respondent argues that 18 U.S.C. § 3632(d)(4)(D) unambiguously authorized the actions of the BOP in precluding FSA time credits for Skanes because of his § 924(c) conviction. ECF No. 14 at 3. Similarly, Respondent contends that Skanes is not entitled to early release

benefits once he completes RDAP because Skanes' § 924(c) conviction precludes his early release. *Id*.

## II. Motion to Dismiss or for Summary Judgment

### A. Standards of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The Court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations

3

omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

### B. Challenges to Time Credit

Only the Attorney General, acting through the BOP, may administer a federal inmate's sentence. *See* 18 U.S.C. § 3621; *United States v. Wilson*, 503 U.S. 329, 335 (1992). This includes determining where an inmate serves his sentence as well as time credit. *See* 18 U.S.C. § 3621(b); *Wilson*, 503 U.S. at 335. "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Such challenges must be brought in a petition for habeas corpus relief under 28 U.S.C. § 2241 in a prisoner's district of confinement. *Id.*; *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (recognizing "attacks on the execution of a sentence are properly raised in a § 2241 petition") (internal quotation and citation omitted).

### C. The First Step Act

The FSA governs the calculation of federal prison sentences. Section 102(b) of the FSA, codified at 18 U.S.C. § 3624(b), allows federal inmates to earn additional good time credits. *See* P.L. 115-391, § 102(b)(1). The FSA, among other things, allows the BOP to award inmates a maximum of 54 days of good time credits per year of their imposed sentence rather than 54 days of credit per year of their sentence served. *See Pizarro v. White*, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019).

The FSA was enacted on December 21, 2018. *See* 18 U.S.C. § 3632. The Attorney General was charged with developing and releasing a Risk and Needs Assessment System ("the System").

*Id.* The System is for: (1) determining an inmate's risk of recidivism; (2) assessing an inmate's risk of violence or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs") as needed; (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id*. § 3632(a). Further, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive ETCs to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). To be eligible to earn ETCs, inmates must not have a conviction for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). Relevant here, a "prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction" under "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

If eligible, an inmate may earn ten days of credit for every thirty days of successful participation in EBRRs or PAs. *See* 18 U.S.C. § 3632(d)(4)(A). Additionally, eligible inmates who have been assessed at a minimum or low risk of recidivism, who maintain their low risk of recidivism over two consecutive assessments, may earn an additional five days of time credit for every thirty days of successful participation. *See id.*

On July 19, 2019, the System was released for use throughout the BOP in compliance with the timeline set in the FSA. *See Holt v. Warden,* 539 F. Supp. 3d 1005, 1010 (D.S.D. 2021). Thereafter, within 180 days, the BOP was to implement and complete an initial intake risk and needs assessment for each prisoner. 18 U.S.C. § 3621(h)(1)(A). On January 15, 2020, the BOP announced that all inmates had been screened using the System, known as the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"). *Holt*, 539 F. Supp. 3d at 1010. The implementation phase of the FSA, a two-year phase-in period for providing EBRRs and PAs, commenced after all inmates had been screened. 18 U.S.C. §§ 3621(h)(2)–(3). During the phase-in period, the BOP had until January 15, 2022, to provide EBRRs and PAs to all inmates. *Id*. at § 3621(h)(2).

On January 19, 2022, the BOP published and codified its "procedures regarding the earning and application of Time Credits as authorized by the First Step Act of 2018" (the "January Final Rule"). *See* FSA Time Credits, p.1, 87 Fed. Reg. 12, 2705 (January 19, 2022) (codified at 28 C.F.R. pt. 523). Importantly for Skanes' case, the BOP procedures follow the requirements articulated in 18 U.S.C. § 3632(d)(4)(D), which establishes that inmates who are serving time for convictions under § 924(c) are ineligible to earn ETCs under the FSA. Following the opportunity for notice and comment, the BOP clarified that:

> 18 U.S.C. § 3632(d)(4)(D) describes inmates that are "ineligible to receive time credits" under subchapter D (the Risk and Needs Assessment System) if serving a term of imprisonment for conviction under any of the provisions listed therein. *It is outside the Bureau's authority to alter the exclusions as stated in the FSA . . . Statutory exclusions may only be amended by Congress*.

*See id.* at 2713 (emphasis added). The BOP codified its procedures at 28 C.F.R. § 523.41(d), which states that "[a]ny inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau, is eligible to earn FSA time

6

credits, subject to the exception described in paragraph (d)(2) of this section." Section 523.41(d)(2) explains that if the "inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D)," which includes sentences imposed under § 924(c), "the inmate is not eligible to earn FSA time credits." *Id.*; *see also* § 3632(d)(4)(D)(xxii).

On November 18, 2022, the BOP published BOP Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d). *See* BOP Program Statement 5410.01. This Program Statement implements the January Final Rule, and further clarifies the BOPs procedures for awarding and applying ETCs under the FSA. *Id.* Relevant here, the BOP again confirmed that inmates serving certain offenses enumerated in the FSA, including convictions under §924(c), are ineligible to receive ETCs. *See id.* at 6-7.

### D. Entitlement to FSA Credits

Prior to *Loper Bright Enterprises v. Raimondo*, 693 U.S. 369 (2024), "[i]f Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation" and the agency's interpretation was given deference. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984). The *Chevron* Court noted that it had "long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." *Id*. at 844. Under *Chevron*, this Court's role in cases where a statute is ambiguous was to examine whether the administrative agency's implementation of the statute through regulations is a reasonable one. *Id*. at 845.

The Court in *Loper Bright* overturned *Chevron* and changed this Court's role in reviewing an administrative agency's implementation of a statute. The BOP is such an agency. Under *Loper*

7

*Bright* courts need not, and under the APA may not, defer to an agency's interpretation of the law simply because a statute is ambiguous. 603 U.S. at 391–94. Pivotal in the analysis, and relevant here, is that the challenge raised must pertain to a regulation put into place by the administrative agency which is being challenged under the APA. *Id*. Further, there must be some ambiguity in the statute the agency administers that conceivably calls into question the validity of the regulation challenged.

The statute in question here unambiguously establishes that inmates who are serving time for convictions under § 924(c), such as Skanes, are ineligible to earn ETCs under the FSA. "[A] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . . section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *See* 18 U.S.C. § 3632(d)(4)(D). Thus, to the extent Skanes takes issues with his eligibility for ETCs under the FSA, he challenges the statutes and not the regulations.

### E. RDAP

Skanes' request for credit for completing RDAP fares no better. Skanes brings this case pursuant to 28 U.S.C. § 2241, which permits a prisoner to file suit against the BOP for "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Title 18 U.S.C. § 3621(b) authorizes the BOP to implement drug abuse treatment programs such as RDAP and permits possible early release upon successful RDAP completion. 18 U.S.C. § 3621(e)(2)(B) (participant's prison term "**may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.") (emphasis added). As part of BOP's broad decision-making power, the agency "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). Likewise, the

BOP is vested with determining whether RDAP participation warrants early release. 18 U.S.C. § 3621(e)(2)(B). The BOP has promulgated criteria for determining early release eligibility, *see* 28 C.F.R. § 550.55, and issued Program Statement 5162.05 (Categorization of Offenses) to implement the statute. These criteria have been upheld as a valid exercise of agency discretion under 18 U.S.C. § 3621(e)(2)(B). *See Lopez v. Davis*, 531 U.S. 230, 240 (2001) (recognizing BOP authority to deny early release for RDAP completion where felony conviction involved a firearm); *Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2011).

While under *Loper-Bright*, a court may no longer defer completely to an agency's interpretation of law simply because a statute is ambiguous, an agency's interpretation of a statute within its purview is still vitally important persuasive authority. *Loper-Bright*, 603 U.S. at 393–94. Even post-*Loper-Bright*, courts should defer to an agency's interpretations when a statute expressly delegates interpretative authority to that agency. In enacting 18 U.S.C. § 3621(e)(2)(B), Congress empowered the BOP to exercise its discretion in determining whether an inmate receives early release upon successful completion of residential drug treatment. Accordingly, BOP "must balance Congress's twin goals of providing an incentive for certain prisoners to undergo drug treatment while at the same time protecting the public from potentially violent criminals." *Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999). The exercise of such discretion does not provide an inmate any guarantees of early release; "no constitutional or inherent right" exists to ensure conditional release "before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, (1979); *see also O'Bar v. Pinion*, 953 F.2d 74, 84 (4th Cir. 1991) (a statute that creates only a hope about a future discretionary decision by prison administrators is too speculative to create a liberty interest).

Title 18 U.S.C. § 3261 specifically prohibits the BOP from applying early release credits to violent offenders and the BOP has been permitted to further limit the class of inmates eligible to receive the credit. Thus, inmates convicted under 18 U.S.C. § 924(c) are precluded from receiving the credit and BOP determined Skanes' § 924(c) conviction renders him ineligible for the RDAP credit. The mere denial of early release after completion of RDAP, without more, cannot sustain this cause of action. *See Davis*, 531 U.S. at 241 (BOP has "the authority, but not the duty . . . to reduce [a prisoner's] term of imprisonment").

### III.   Conclusion

Skanes is prohibited from receiving credit under the FSA due to his § 924(c) conviction and sentence. Similarly, he is not entitled to credit to his sentence for completion of RDAP. Accordingly, this Court will deny Skanes' request for habeas relief. Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 7), will be granted.

A separate Order follows.

\_\_\_3/10/25_____                           _____
Date                                              Matthew J. Maddox
                                                  United States District Judge